Filed 6/7/16  In re Marc W. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Marc W., a Person Coming Under the Juvenile Court Law. | H042972 (Santa Clara County Super. Ct. No. 315JV41375A & B) |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>Marc W.,<br><br>     Defendant and Appellant. | |

In August 2015, Marc W., a minor (the minor), admitted allegations in a petition filed pursuant to Welfare and Institutions Code section 602 (the A Petition) that he had engaged in conduct that would have constituted felonies or misdemeanors if committed by an adult, namely, grand theft of property exceeding $950 (a felony), first degree burglary (a felony), and battery (a misdemeanor).  The court granted Deferred Entry of Judgment (DEJ).  A second petition was filed in September 2015 (the B Petition).  The minor admitted the allegations in the B Petition.  Those allegations involved conduct, if committed by an adult, that would have constituted two felonies—aggravated assault and possession for sale of a controlled substance.  The court vacated the DEJ deferment and found true the three counts alleged in Petition A that the minor had previously admitted. After a contested disposition hearing in October 2015, the court adjudged the minor a

ward of the court and ordered him to participate in the Santa Clara County Juvenile Rehabilitation Facilities-Enhanced Ranch Program (the Ranch) for a term of six to eight months.

The minor filed an appeal. After receiving an opening brief raising no specific issues, and after our review of the entire record (see *People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97), we conclude there is no arguable issue on appeal. We will therefore affirm the court's dispositional order of October 19, 2015.

FACTS

I. *Petition A*

On July 19, 2015,[1] officers from the Santa Clara Police Department responded to the Macy's Men's Department Store at Valley Fair Shopping Center to investigate a reported shoplifting incident. Loss prevention officers at the store advised that the minor had taken men's shirts valued at $1,672.50. When a loss prevention officer attempted to take the minor into custody, the minor responded by fighting the officer and striking him in the head with his elbow. (Counts 1, 2, and 4).

According to the San José Police Department, a residential burglary at a home on Redondo Drive occurred on March 24. Two witnesses and an accomplice implicated the minor. On March 28, an officer made contact with the minor. The minor admitted his involvement in the burglary, stating that he had entered the locked home through a closed window and had taken between $600 and $1,200 in cash from a bedroom. (Count 3).

II. *Petition B*

On August 30, the minor and an adult accomplice, Cheyenne Sanchez, accosted a man, Armando G. (Armando), in a parking lot outside of a restaurant on Cottle Road. Approximately 20 minutes earlier, Armando had been at the restaurant with his family,

_____

[1] All dates hereafter specified are in 2015.

and he had observed Sanchez and the minor verbally harassing patrons, including an incident in which Sanchez threatened to shoot a patron and his child in the face. Sanchez attempted to hit Armando, but missed. The minor then struck Armando on the head from behind with a hard object. Armando fell to the ground, and Sanchez and the minor repeatedly kicked Armando in the face, head, neck, and back. Armando was transported to the hospital by ambulance. He suffered a shoe imprint on his right temple, a deep cut on the bridge of his nose, swollen lips and nose, and multiple bruises to his head, neck, and back. Armando lost work as a result of his injuries. He reported later in September that he continued to suffer from migraines. After the minor was apprehended, a container full of Xanax was found in his bag.

PROCEDURAL BACKGROUND

The Santa Clara County District Attorney filed the A petition on July 21, alleging that the minor (17 years old at the time of the petition's filing) came within the provisions of Welfare and Institutions Code section 602. The A Petition charged the minor with conduct that would have constituted felonies or misdemeanors if committed by an adult: second degree burglary, a felony (Pen. Code, §§ 459-460, subd. (b); count 1);[2] grand theft of property exceeding $950, a felony (§§ 484-487, subd. (a); count 2); first degree burglary, a felony (§§ 459-460, subd. (a); count 3); and battery, a misdemeanor (§§ 242-243, subd. (a); count 4). On August 6, the minor admitted counts 2 through 4; the court dismissed count 1 and granted the minor DEJ.

The District Attorney filed the B Petition on September 1, alleging that the minor came within the provisions of Welfare and Institutions Code section 602, and charging the minor with conduct that would have constituted felonies if committed by an adult: aggravated assault (§ 245, subd. (a)(4); count 1); and possession for sale of a controlled

---

[2] All further statutory references are to the Penal Code unless otherwise stated.

substance (Health & Saf. Code, § 11351; count 2).  On September 2, the minor admitted both counts alleged in Petition B, and the court found a factual basis for his admissions. The court (1) ordered the minor to remain detained, (2) vacated the DEJ deferment arising out of Petition A, (3) found counts 2 through 4 in Petition A true, and (4) entered judgment on Petition A.

The court held a contested disposition hearing on October 19.  At the conclusion of the hearing, the court adjudged the minor a ward of the court and ordered him to the Ranch for a term of six to eight months.  The court suspended the minor's driver's license for one year; adjudged that the maximum time of confinement was eight years ten months; determined that the minor was entitled to 55 days of credit for time served; ordered a fine and penalty assessment of $158 and the payment of a restitution fine of $110; and granted probation subject to a number of terms and conditions.

## DISCUSSION

We appointed counsel to represent the minor in this court.  Appointed counsel filed an opening brief which states the case and the facts but raises no specific issues.  We notified the minor of his right to submit written argument on his own behalf within 30 days.  We have received no written argument from the minor.

We have reviewed the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *In re Kevin S.*, *supra*, 113 Cal.App.4th 97.  Based upon that review, we conclude there is no arguable issue on appeal.

## DISPOSITION

The dispositional order of October 19, 2015, is affirmed.

4

_____
                      Márquez, J.

WE CONCUR:

_____
  Rushing, P.J.

_____
  Premo, J.